**N. A. A. C. P. CREDIT UNION,**
**Plaintiff–Appellant,**

v.

**Leon W. LOUIE, Defendant–Appellee.**

**Civ. A. No. 80–40259.**
**Bankruptcy No. 79–00774.**

United States District Court,
E. D. Michigan, S. D.

Oct. 3, 1980.

Tom R. Pabst, Flint, Mich., for plaintiff–appellant.

Carl Bekofske, Flint, Mich., for defendant–appellee.

---

**10.** Notes of testimony, p. 5 (April 29, 1980).

**11.** See Trustee's Answer to Application for Return of Deposit (Legal Document No. 42).

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

This is an appeal from the Bankruptcy Judge's ruling in a Chapter XIII proceeding denying a secured creditor (Appellant) permission to amend its timely filing of a secured claim by adding the "satisfactory evidence that the security interest has been perfected" after the expiration of the time for filing of the secured claim. The evidence of perfection had not been attached to the claim when filed.

Rule 13–302(e)(1) of the Bankruptcy Rules provides that not only must a secured claim be filed by the conclusion of the first meeting of creditors, but it must be accompanied by "satisfactory evidence of perfection" of its security interest. In this case where a motor vehicle is the security, evidence of perfection would certainly be a certified copy of the title certificate showing the security interest thereon. No comment is made herein as to what else, if anything, would constitute "evidence of perfection."

Applicable to the issues raised is Rule 13–302(c) as well as the aforementioned 13–302(e)(1). These Rules are as follows:

13–302(c)

CLAIM FOUNDED ON A WRITING: PERFECTION OF SECURITY INTEREST. When a claim, or an interest in property of the debtor securing the claim, is founded on a writing, the original or a duplicate shall be filed with the proof of claim unless the writing has been lost or destroyed. If lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. *If a security interest is claimed, the proof of claim shall be accompanied by satisfactory evidence that the security interest has been perfected.* (Emphasis supplied)

13–302(e)(1)

SECURED CLAIM. *A secured claim,* whether or not listed in the Chapter XIII Statement, *must be filed* before the conclusion of *the first meeting of creditors* in the Chapter XIII case unless the Court, on application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. *Any claim not properly filed by the creditor within such time shall not be treated as secured claim for purposes of voting and distribution* in the Chapter XIII case. Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustees, or a codebtor. (Emphasis supplied)

A reading of Rule 13–302(c) does not tell us whether the secured claim is treated as a separate document having a legal significance of its own or whether the claim is not a valid claim if not accompanied by satisfactory evidence of perfection. In other words, is a secured claim not a secured claim if evidence of perfection is not attached? An examination of the record below does not indicate a definitive ruling, but it is clear that the Bankruptcy court acted as if the secured claim is not a secured claim unless the evidence of perfection is attached.

The Bankruptcy Court in denying the Appellant's request to, in effect, either amend the claim after the conclusion of the First Meeting of Creditors or to allow the secured claim by the subsequent filing of the evidence of perfection, made it very clear that he recognized the harshness of the adverse ruling he was about to make, but also made it absolutely clear, that he had never granted such a request before and that it was his unalterable policy not to grant such a petition or request. The candor and directness of the Bankruptcy Judge is in keeping with the integrity always demonstrated by that court. But that same candor and directness makes it abundantly clear that the court intentionally refused to consider the reasons advanced by Appellant for its petition. In such a posture, it is clear that the abuse of discretion claimed was the failure to exercise discretion.

The last sentence of Rule 13–302(e)(1) is of great significance here. It provides that "Notwithstanding the foregoing, the Court may permit the later filing of a secured claim for the purpose of distribution by the

debtor, the trustees, or a codebtor." This clearly vests the Bankruptcy Judge with discretion to grant Appellant's petition. As in any discretionary situation, the discretion is a judicial discretion the exercise of which can only be overturned on appeal upon a finding of abuse.

The Bankruptcy Court in its ruling and statements made in support of its ruling, recognized the proper policy established by Rule 13–302(c)–that the claim is not allowed if not filed by the conclusion of the First Meeting of Creditors. That is the clearly established policy set forth in that rule. As in most rules, rigidity in application can lend itself to inequity or injustice. It is apparently in recognition of such possible inequity or injustice that Rule 13–302(e)(1) gave to the court discretion to grant relief from the harshness of the rigid application of the rule by permitting a later filing of the secured claim should the circumstances warrant such relief.

By applying only the policy established by Rule 13–302(c) and refusing to consider the particular facts of the case in the exercise of the discretionary power authorized by 13–302(e)(1), to grant relief from the Rule, the Bankruptcy Court refused to exercise judicial discretion which is tantamount to an abuse thereof.

The reasons for the Rule's requirement for timely filing were cogently expressed by the Bankruptcy Court and in appellate argument by counsel. The orderly and timely administration of Chapter XIII estates is clearly of great importance and deserve the deference thereto expressed by the time requirements. But if relief is *never* afforded, then the provision granting the Bankruptcy Court discretion is meaningless and the intention of the Rule that relief may be appropriate in some situations is likewise frustrated. Relief in appropriate situations does not mean as the Bankruptcy Judge stated, that relief would have to be granted in all situations. Relief as the Rule indicates is discretionary, and should be granted or denied only after a consideration of the facts asserted in the request for relief. The facts asserted in the request for relief

were not considered and hence this Court is compelled to reverse the denial of the relief and remand to the Bankruptcy Court with instructions to consider the facts before exercising its discretion.

IT IS SO ORDERED.